JUSTICE CARTER delivered the opinion of the court: Defendant Apolinar Meza was charged with two counts of attempted first degree murder for the stabbing of his ex-wife, Ana Meza. 720 ILCS 5/8 — 4, 9 — 1 (West 2004). The defendant pled guilty and was sentenced to 22 years in prison. On appeal, the defendant argues that the trial judge violated Supreme Court Rule 402(d)(2) (177 Ill. 2d R. 402(d)(2)) when he failed to give the defendant the opportunity to withdraw his guilty plea after the judge withdrew his offer to sentence the defendant to 15 years in prison. We affirm. FACTS The State and the defendant engaged in plea negotiations but failed to reach agreement on the exact number of years the defendant would serve in prison. Subsequent to these failures, the defendant moved for and the State agreed to a Rule 402 conference to determine what sentence the judge would impose on the defendant in exchange for a guilty plea. The conference was held off the record. At the end of the conference, the judge stated on the record that he “extended an offer” to the defendant and continued the case so that the defendant could consider the offer. The judge conditionally offered a 15-year term of incarceration so long as nothing new in the way of aggravation or mitigation arose at sentencing. The defendant informed the judge that he would enter a guilty plea pursuant to the Rule 402 conference. The parties agreed that the plea would be a “blind plea.” The defendant acknowledged at the time that he understood this to mean that there was no plea agreement between the State and himself. The judge admonished the defendant regarding the nature of the charges, his trial rights, and his right to persist in a “not guilty” plea. The judge informed the defendant that he faced the possibility of between 6 and 30 years in prison for pleading guilty. The defendant acknowledged that he understood the judge’s admonitions and that he was not entering a guilty plea because someone was making promises or threats to him. The judge accepted the defendant’s guilty plea, and the case was continued for a sentencing hearing. At the sentencing hearing, the State presented Ana Meza’s victim impact statement. The State also produced evidence that the defendant sent a letter to Ana, asking her to sign an affidavit. The affidavit stated that she lied about the defendant’s attempt to kill her and that she had tried to kill herself. The judge acknowledged his offer of a 15-year sentence but stated that he did not feel bound by it in light of the evidence of the letter and affidavit. The judge then sentenced the defendant to 22 years in prison. The defendant made a motion to withdraw his guilty plea, which the trial judge denied. The defendant appealed. ANALYSIS On appeal, we are asked to consider whether the trial judge violated Supreme Court Rule 402(d)(2) (177 Ill. 2d R. 402(d)(2)) when he failed to give the defendant the opportunity to withdraw his guilty plea after the judge withdrew his offer to sentence the defendant to 15 years in prison. The defendant seeks to have his conviction and sentence vacated and the case remanded for compliance with the rule. When reviewing whether a supreme court rule has been violated, a question of law is presented and the standard of review is de novo. People v. Lozada, 323 Ill. App. 3d 1015, 753 N.E.2d 383 (2001). Supreme Court Rule 402, governing guilty pleas, requires that such pleas be accompanied by admonitions, are voluntary, and have a factual basis. At issue here is Rule 402(d)(2), which states the procedures to be followed when a trial judge concurs or conditionally concurs in a plea agreement. It provides: “(d) Plea Discussions and Agreements. When there is a plea discussion or plea agreement, the following provisions, in addition to the preceding paragraphs of this rule, shall apply: (2) If a tentative plea agreement has been reached by the parties which contemplates entry of a plea of guilty in the expectation that a specified sentence will be imposed or that other charges before the court will be dismissed, the trial judge may permit, upon request of the parties, the disclosure to him of the tentative agreement and the reasons therefor in advance of the tender of the plea. At the same time he may also receive, with the consent of the defendant, evidence in aggravation or mitigation. The judge may then indicate to the parties whether he will concur in the proposed disposition; and if he has not yet received evidence in aggravation or mitigation, he may indicate that his concurrence is conditional on that evidence being consistent with the representations made to him. If he has indicated his concurrence or conditional concurrence, he shall so state in open court at the time the agreement is stated as required by paragraph (b) of this rule. If the defendant thereupon pleads guilty, but the trial judge later withdraws his concurrence or conditional concurrence, he shall so advise the parties and then call upon the defendant either to affirm or to withdraw his plea of guilty. If the defendant thereupon withdraws his plea, the trial judge shall recuse himself.” 177 Ill. 2d R. 402(d)(2). In this case, Rule 402(d)(2) is not applicable because the trial judge did not concur or conditionally concur to a plea agreement at the Rule 402 conference. Prior to the conference, the parties failed to reach a plea agreement because they could not agree on the number of years in prison the defendant would serve in exchange for a guilty plea. See 177 Ill. 2d R. 402(d)(2) (stating that a plea agreement means an agreement between the parties that the defendant will enter a guilty plea in exchange for a specified sentence or a dismissal of charges). As such, the parties did not present a plea agreement to the judge for his concurrence or conditional concurrence, and Rule 402(d)(2) does not apply to cases in which there is no plea agreement. Furthermore, it is clear that the parties never reached a plea agreement at the Rule 402 conference to which the trial judge was asked to concur or conditionally concur because the defendant and the trial judge never acknowledged the existence of one. Following the Rule 402 conference, the defendant entered a “blind plea” in this case, knowing that a blind plea meant that he had no plea agreement with the State. The defendant also stated that he was not entering his plea because someone promised him anything in return for it. Similarly, the trial judge did not indicate his concurrence or conditional concurrence with any plea agreement in open court, as required by Rule 402(d)(2), because no plea agreement was stated in open court, as required by Rule 402(b), or even existed. The trial judge’s offer of a 15-year prison term in exchange for his guilty plea did not constitute a plea agreement to which Rule 402(d)(2) may apply because plea agreements, as noted above, are between parties, not the judge and the defendant. The trial judge’s offer was merely a statement of the length of sentence the judge would be inclined to give the defendant if he pleaded guilty, not a plea agreement. People u. Nutall, 312 Ill. App. 3d 620, 637, 728 N.E.2d 597, 612 (2000) (stating that “discussions occurring in a pretrial Rule 402 conference about a potential sentence do not raise the same considerations a negotiated plea does,” such as the requirements of Rule 402 and the application of contract law). Thus, without a plea agreement to which the trial judge concurred or conditionally concurred, Rule 402(d)(2) does not apply to this case and the defendant cannot be given the opportunity to withdraw his plea. CONCLUSION For the foregoing reasons, the judgment of the circuit court of Will County is affirmed. Affirmed. SCHMIDT, J., concurs.